IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDEN JUHALA,

        Plaintiff,

Civil No. 03-1137-HU

JO ANNE B. BARNHART,
Commissioner,
Social Security Administration,

O R D E R

        Defendant.

HAGGERTY, Chief Judge:

        Magistrate Judge Hubel issued a Findings and Recommendation in this action (Doc. # 19), in which the Magistrate Judge recommended that the Commissioner's final decision should be affirmed and this action should be dismissed. Plaintiff filed objections to the Findings and Recommendation and the matter was then referred to this court.

1     - ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire Record. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and the analysis need not be repeated here. For the following reasons, the Findings and Recommendation is adopted.

ANALYSIS

Plaintiff's first specific objection is that the Findings and Recommendation erred in failing to address the issue of whether the Administrative Law Judge (ALJ) improperly ignored medical evidence by omitting reference to a physical assessment questionnaire submitted by treating physician Dr. Ronald Grewenow on behalf of plaintiff. The Magistrate Judge thoroughly, and correctly, addressed this issue.

Pages seven and eight of the Findings and Recommendation discuss the questionnaire, noting that plaintiff's challenge regarding the submission arose for the first time after this action was remanded to the Commissioner on other grounds. The Findings and Recommendation explicitly provides that "[t]he ALJ was not directed on remand to . . . reconsider his determination at step three. The statement Dr. Grewenow produced in the interim does not impose a duty to revisit the issue." Findings and Recommendation at 8.

The Findings and Recommendation further addressed the questionnaire by providing extensive analysis as to why the ALJ did not err in disregarding Dr. Grewenow's submission. Findings and Recommendation at 14-17.

The Magistrate Judge properly recognized a number of reasons why the questionnaire could not be given significant weight. The Magistrate Judge also correctly noted that "Dr. Grewenow's questionnaire does not address any matter for which this case was remanded. The ALJ was directed to revisit his credibility determination, his evaluation of the lay witness statements and his formulation of the vocational hypothetical question. He was not required to evaluate new interpretations of old medical evidence." Findings and Recommendation at 16.

Plaintiff also renews a challenge to the ALJ's evaluation of plaintiff's residual functional capacity (RFC). Such a challenge is also outside the scope of the remand under which the Commissioner was directed and guided. Nevertheless, the Findings and Recommendation's evaluation that the ALJ's RFC assessment "reflected reasonable conclusions that could be drawn from the record as a whole, in accordance with SSR 96-8p," is sound, and is adopted.

Plaintiff next challenges the conclusion in the Findings and Recommendation regarding the adequacy of the hypothetical question posed to the vocational expert (VE). The Findings and Recommendation acknowledged that the ALJ concluded that plaintiff needed "simple, non-complex work tasks that involve minimal interaction with other people." Findings and Recommendation at 18, citing Tr. 732. This court agrees that the limitations expressed in the ALJ's hypothetical question to the VE, including "limited interaction with the public" and "minimal contact with the public" reasonably reflects the RFC assessment. Findings and Recommendation at 18, citing Tr. 761, 762.

Plaintiff also challenges the Findings and Recommendation's analysis of the credibility determination the ALJ made regarding plaintiff. The Findings and Recommendation addressed this challenge thoroughly. *See* Findings and Recommendation at 8-13. This court agrees that the record presents a substantial evidentiary basis to support legally sufficient reasons for discrediting plaintiff's testimony.

Similarly unavailing is plaintiff's argument that the ALJ should have invoked this court's remand to revisit the determination about whether plaintiff's impairments were equal in severity to a presumptively disabling condition in the Listing of Impairments found at 20 C.F.R. § Part 404, Subpart P, Appendix 1. Plaintiff contends that because this court "did not directly address" the question of plaintiff's impairments in the decision resulting in the Order of Remand, the ALJ should have reassessed the evidence. Pl. Obj. at 7.

However, as the Findings and Recommendation states, "[o]n appeal, this court agreed and found that Juhala had failed to establish any limitations in mental function." Findings and Recommendation at 8, citing Tr. 799.

Plaintiff's final arguments pertain to the validity of the VE's testimony. Specifically, plaintiff complains that no foundation was presented for the VE's testimony about the number of jobs available in the local and national economies. Plaintiff also asserts that the ALJ ignored documents submitted from the Department of Labor and the State of Oregon regarding the lack of published data about jobs existing in the economy.

Plaintiff argues that the VE's testimony regarding the availability of jobs cannot constitute substantial evidence because the testimony lacks foundation. However, the Federal Rules of Evidence generally do not apply to Social Security administrative proceedings. *See* 42 U.S.C. §

405(b)(1); 20 C.F.R. § 404.950(c); *McClees v. Sullivan*, 879 F.2d 451, 453 n. 2 (8th Cir. 1989) (stating that the Social Security Act does not preclude hearsay evidence and the ALJ's proceedings are not governed by the Federal Rules of Evidence); *see also McKinnie v. Barnhart*, 368 F.3d 907, 910 (7th Cir. 2004) (recognizing that the standards by which an expert's reliability is measured may be less stringent at an administrative hearing than under the Federal Rules of Evidence) (citations omitted).

The ALJ complied with this court's remand by formulating a more relevant, applicable hypothetical question to pose to the VE. Counsel for plaintiff was given an opportunity to question the VE after the VE addressed this hypothetical question. *See* Tr. 70-73. No challenge was raised pertaining to the foundation for the VE's testimony. *Id*. "When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion . . . ." *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002); *see also Jones v. Barnhart*, 2005 WL 66072, 12 (N.D. Ill. January 10, 2005) (an ALJ must explain a discrepancy between the VE and [the Dictionary of Occupational Titles (DOT)] only when the discrepancy has been identified, and raising a discrepancy after a hearing has ended is untimely) (citation omitted).

Plaintiff's reliance upon the pre-hearing submission of documents from the Department of Labor and the State of Oregon regarding the lack of published data about jobs existing in the economy as grounds for striking the VE's testimony is also misplaced. These submissions do not establish that the VE's testimony is unsupported or untrustworthy. As noted, the VE's qualifications and the basis for the VE's opinions were unchallenged. While SSR 00-4p requires an ALJ to explain and resolve conflicts that arise between a VE's testimony and the DOT, in this case no conflicts of this nature were identified.

5   - ORDER

CONCLUSION

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue and the record as a whole. The Findings and Recommendation (Doc. # 19) is adopted. The Commissioner's final decision that plaintiff Linden Juhala does not suffer from a disability and is not entitled to benefits under the Social Security Act is based upon correct legal standards and is supported by substantial evidence. The Commissioner's decision is, therefore, affirmed. This case is dismissed.

IT IS SO ORDERED.

Dated this 25 day of April, 2005.

/s/Ancer L.Haggerty
Ancer L. Haggerty
United States District Judge